UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cr-20135-MOORE

UNITED STATES OF AMERICA,

vs.

DARLYN NELSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE was before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant in this case. Based upon the change of plea hearing conducted on May 12, 2019, this Court makes the following findings, and recommends that the guilty plea be accepted.

    1. This Court advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

    2. This Court conducted a plea colloquy in accordance with the outline set forth in the

1

Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

    3.  Defendant pled guilty to Count V of the Indictment that charged him with possession with the intent to distribute a controlled substance, in violation of Title 21, Unites States Code, Sections 841 (a)(1) and 841 (b)(1)(C)   The Court advised Defendant that as to that charge there is a statutory maximum potential sentence of: (1) twenty years in prison; (2) followed by a term of supervised release of a minimum of three years to life; (3) a fine of up to $1,000,000; and a (4) mandatory special assessment of $100.00.  Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case, including forfeiture.

    4.  There is a written plea agreement which has been entered into by the parties in this case.  This Court reviewed that plea agreement on the record and Defendant acknowledged that he understood the terms of the plea agreement and that he had signed the plea agreement.

    5.  Defendant also waived his right to appeal his sentence unless the government files an appeal and/or his sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing. Defendant also waived his right to claim that the statute at issue is unconstitutional and/or that the admitted conduct does not fall within the scope of the statute of conviction.  In addition, the undersigned finds that Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary.

    6.  To set forth the factual basis for the entry of the plea, Defendant and the Government submitted a written Factual Proffer.  The Factual Proffer, also read by the Government at the hearing, established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the Factual Proffer was accurate.

    7.  Based upon all of the foregoing and the plea colloquy conducted by this Court, the

undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

8. Therefore, this Court recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count V of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of that offense.

9. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing date is July 25, 2019, at 2:00 p.m. Defendant's conditions of release remain the same.

Therefore, it is hereby:

RECOMMENDED that Defendant DARLYN NELSON's plea of guilty be accepted, that Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge.

Any request for an extension of this deadline must be made within seven calendar days from the date of this Report and Recommendation. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 17th day of May, 2019.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE